## MORRIS v COMMERCIAL CREDIT CO

Ohio Appeals, 5th Dist, Stark Co

Decided May 13, 1937

Hart, McHenry & Jones, Canton, for plaintiff-appellant.

Waymon B. McLeskey, Columbus, and Clayton Hoffman, Canton, for defendant-appellee.

---

## OPINION

By MONTGOMERY, PJ.

The plaintiff brought his action in the Common Pleas Court for damages for the alleged wrongful conversion of an automobile, upon which the defendant held a chattel mortgage. The evidence shows that at the time of the alleged conversion, the plaintiff was in default in payments due on his note and mortgage; that the representative of the defendant company, finding this automobile parked on a certain city street, took possession of the same, and thereafter caused the automobile to be sold and made distribution of the proceeds of sale.

At the conclusion of the plaintiff's evidence, the trial court directed a verdict on behalf of the defendant, and thereafter rendered judgment, and from that judgment an appeal was perfected to this court.

We would not deem an opinion necessary in this case, except for the contention of counsel for the appellant that it is governed by the decision of this court, in the case of **Bear v Colonial Finance Company, 42 Oh Ap 482, (12 Abs 643)**, and except for counsel's contention that they can not distinguish the instant case from the Bear case. We are unable to understand this alleged inability to distinguish the two.

The record in the Bear case shows that Bear had no knowledge of the existence of the claim of The Colonial Finance Company; that he protested against this company taking possession of the automobile; that he yielded possession of the same only after he had been threatened with arrest and upon the promise that the car would be returned to him.

In the course of the opinion in the Bear case, this court quoted various authorities upholding the right to seize mortgaged property when in default, the right carrying with it, by necessary implication, the power to do what is reasonably necessary to make the seizure, including the right to enter peaceably upon the premises of the mortgagor, but subject to the one restriction, that the same must be exercised without provoking a breach of the peace. As stated in the opinion in the Bear case:

"Surely, it is a breach of peace to threaten one with arrest. It is in this instance a threat of preferring and prosecuting a

groundless criminal charge contrary to our law, and is as equally reprehensible as if physical force had been employed to overcome resistance."

The conclusion made in the Bear case was that:

"It should be left to the jury to determine whether a breach of the peace had occurred."

And for this reason, the judgment of the Common Pleas Court in the Bear case, was reversed and the cause was remanded for further proceedings.

In the instant case, there was no breach of the peace. There were no threats. The mortgagee proceeded as it had a lawful right to do, and in a peaceable manner. Under such circumstances there can be no question of the propriety of the action of the trial court, and such action under the circumstances in the instant case, was not inconsistent with our holding in the Bear case, supra.

It is contended further by appellant that in the automobile seized, at the time of the seizure, there was certain personal property belonging to the appellant, which was not covered by the chattel mortgage, and that as to this property the defendant company was clearly guilty of conversion. The answer alleges and the proof shows a prompt offer on the part of the company to return this personal property, and a readiness at all times to return it, which offer was refused by the appellant. Surely, under such a situation, a claim of conversion cannot be maintained, with any hope of success.

It follows that the judgment of the Common Pleas Court will be and it is affirmed.

LEMERT and SHERICK, JJ, concur.